Mary Savasta, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*Marian E. Frankston,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, July 30, 1979:

Mary Savasta (Claimant) has filed a petition for review from the adverse determination of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We reverse.

Claimant, an assistant professor of education, entered into a two-year employment contract with Buck-

nell University in the spring of 1974. Thereafter, she moved to Lewisburg, Pennsylvania, the location of Bucknell University. Shortly after commencing her teaching duties in September of that year, she began experiencing respiratory discomfort. This condition became progressively worse and in May of 1975, she inquired into the possibility of taking a leave of absence, without pay, for the first half of the second year of her contract. On June 20, 1975, Claimant visited her family physician, Dr. Joseph Giglio, of Brooklyn, New York. He diagnosed her condition as pan sinusitis and cervical adenopathy, and advised her to avoid the area of Lewisburg, to move to the East Coast, and to avoid areas where air pollution is in excess of acceptable limits. Based on a certification from Dr. Giglio, Claimant's request for a leave of absence was granted.

Her leave of absence began on August 15, 1975, at which time she moved to Connecticut. Claimant's respiratory condition showed marked improvement. As a result, she submitted her resignation to Bucknell University on November 5, 1975, for reasons of health. The resignation was accepted on November 18, 1975.

Claimant filed for unemployment compensation benefits to start on August 23, 1975. As noted previously, the Board refused Claimant's request, reasoning that she had failed to establish necessitous and compelling reasons for her termination since the medical documentation corroborating her testimony " was not made by a physician in the area." The Board's denial of benefits was predicated upon Claimant's apparent failure to satisfy one of the standards set forth in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), which mandates that a claimant introduce medical evidence establishing that his or her employment was terminat-

ed for reasons of health.[1] In imposing geographical limitations upon Claimant's medical documentation, the Board clearly erred.

We can find no authority in the *Deiss* opinion, and the Board cites none, which would suggest that only Pennsylvania physicians or physicians located in certain geographical areas within Pennsylvania are competent to give the required evidence. Given the ever-present advances of modern medicine and the increasing specialization in this field, we cannot be so parochial as to believe that only Pennsylvania doctors are qualified and competent to diagnose and treat Pennsylvania residents or Pennsylvania unemployment compensation claimants. Surely, it is not reasonable to expect that this Claimant, upon leaving Lewisburg in May, should have returned to our Commonwealth to seek medical attention when her own family physician was more readily accessible. Since Dr. Giglio's opinion was uncontradicted and satisfied the *Deiss* requirement, it follows that Claimant was compelled to leave her employment for health reasons; that is, for necessitous and compelling cause.[2]

A final point concerns the Board's findings of fact 5 and 7. With regard to the fifth finding of fact, that Claimant requested and received a leave of absence in May, 1975, we merely note that while it is indeed correct that Claimant initiated inquiries concerning a leave of absence at that time, the effective date of that leave was August 15, 1975. Furthermore, Claimant's last day of work, contrary to the Board's seventh finding of fact stating it to be May 31, 1975, was actually August 15, 1975. These dates were testified to by

---

[1] The Board admits in its brief that the other two standards enunciated in *Deiss* are not at issue in this case.

[2] We are not here saying that the Board is bound to accept uncontradicted testimony; only that the reason given for rejecting this doctor's testimony was improper.

Claimant, were not contradicted, and her testimony cannot be subject to any other interpretation.

Accordingly, we reverse.

ORDER

AND Now, this 30th day of July, 1979, this order of the Unemployment Compensation Board of Review, dated October 27, 1977, denying benefits to Mary Savasta, is hereby reversed and the case is remanded to the Board for computation of benefits.